DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CRAIG WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:19-cv-0073 |
| DAVID EDDY, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) ) |

### ORDER

**BEFORE THE COURT** is Defendant David Eddy's ("Eddy) Motion for Reconsideration of the Court's March 26, 2021 denial of summary judgment, filed on April 29, 2021. (ECF No. 82.) For the reasons stated herein, the Court will deny the motion.

### I.

In September 2017, two Category 5 hurricanes, Irma and Maria, struck the U.S. Virgin Islands within a two-week span of time, wreaking havoc and damaging many buildings. At the time, and while living in St. Thomas, U.S. Virgin Islands, Wilson and his wife were renting a third-floor apartment in the home of Eddy, for whom Wilson worked part-time in construction.

The apartment Wilson and his wife rented had vaulted ceilings and a half-wall between the bedroom and the kitchen. The kitchen window was not in the same condition as other windows in the apartment, as it had mold and dry rot in both of the frames—in the frame that holds the glass of the window and also the frame embedded in the wall, in which the window sits. Eddy had twice repaired the frame surrounding the window glass but had not repaired the frame embedded in the wall. During the second such repair, the glass fell out and was replaced by Eddy with Masonite, rather than glass. Wilson testified at deposition that Eddy observed dry rot in the kitchen window while in Wilson's apartment before Hurricanes Irma and Maria. (ECF No. 50, ¶ 16, citing Dep. Eddy, at 50:7-13). Further, Wilson's wife texted Eddy to inform him of the damage to the window. *Id.*, ¶ 17, citing Dep. Christine Wilson, at 18:6-15.

Prior to Hurricane Irma, the first of the two hurricanes, Wilson assisted Eddy in securing the house against the elements by attaching the steel hurricane shutters where possible and by hanging sheets of plywood on those windows not already fitted for shutters. Almost all of the windows without shutters were secured by attaching the plywood to the exterior of the house. But two windows, one in Wilson's bedroom and the window with Masonite in his apartment's kitchen, were on the third floor, beyond the reach of any ladder Eddy had. As such, Eddy and Wilson secured the plywood to those two windows from the inside of the house, rather than attaching to the exterior. Wilson testified at deposition that he expressed his concern about this method at the time, telling Eddy they needed to attach the plywood from the outside to prevent it from blowing inwards during the storm. Because Eddy did not have a ladder long enough to reach the third floor, they both agreed the plywood had to be attached to the interior of the window.

Although the roof to the house was severely damaged during Hurricane Irma, the majority of the window coverings on the building held, including those in the Wilsons' apartment. Once the storm was over, Wilson's wife left the island for the mainland and Wilson helped Eddy remove the window coverings, bolt down the roof, and clean up some of the damage from the storm.

Less than two weeks later, with Hurricane Maria bearing down on the island, Eddy and Wilson reattached the window coverings as before, with all but two secured externally by plywood or hurricane shutters. As with Hurricane Irma, Wilson and another tenant sheltered at Eddy's home during the storm, but once Hurricane Maria appeared to die down, Wilson, the other tenant, and Eddy all retired to their own residences for the night. Some hours later, Wilson was wakened by a loud crash coming from the kitchen. He found the plywood for the kitchen window lying on the kitchen floor, with water and wind rushing through the window, threatening to damage the house.

In response, Wilson picked up the plywood and moved toward the window to reattach it to the window frame, to prevent further damage to the inside of the house. He did not have tools in his hands when he picked up the plywood, but the tools were beside the window, in a container on the top of the refrigerator. He testified that he tried to lean the

plywood against the window, but before he could put it there, Wilson was blown down by the storm, severely dislocating his arm. (Dep. Wilson, ECF No. 48-2, 26:6-25, 27:16-18.)

On September 13, 2019, Wilson commenced this action by filing a complaint against Eddy in an action for negligence and damages stemming from Wilson's injury, (ECF No. 1), which Eddy answered on October 24, 2019. Thereafter, on August 14, 2020, Eddy filed a Motion for Summary Judgment, arguing that it was not reasonably foreseeable that Wilson would pick up a sheet of plywood that had been blown out of the window by a Category 5 hurricane, to attempt to resecure it by himself during the storm. (ECF No. 47 at 1.) Wilson opposed the motion on September 3, 2020. (ECF NO. 49.)

The Court heard oral arguments on the motion for summary judgment via videoconference over Microsoft Teams on March 26, 2021. The Court found that the question of whether it was foreseeable that Wilson would try to reattach the plywood during the hurricane was an issue for a jury as the trier of fact. Further, the Court found that there is sufficient evidence on the record for a jury to weigh the facts of the case with regard to notice. Accordingly, the undersigned issued an oral decision, denying the motion for summary judgment.

Eddy timely filed the Motion for Reconsideration on April 29, 2021. (ECF No. 82.) Subsequently, Wilson filed a timely response on May 13, 2021, (ECF No. 85), and Eddy untimely filed a reply on May 27, 2021, (ECF No. 87).

**II.**

Pursuant to the Local Rules of the District of the Virgin Islands, a motion to reconsider must be based on either "1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice." LRCi 7.3(a).

Eddy filed the motion for reconsideration based on LRCi 7.3(a)(3), arguing that the Court made a clear error of law. Specifically, in his motion for reconsideration, Eddy asserts that the technical difficulties experienced during the evidentiary hearing via videoconference may have contributed to the Court not "accurately hear[ing] the full arguments" and that "[t]his may have contributed to at least some erroneous findings by the [C]ourt." *Id.* n.1. Eddy submits that the Court mis-applied the Virgin Islands Supreme Court decision in *Sealey-Christian v. Sunny Isle Shopping Center, Inc.*, 52 V.I. 410 (2009), and the

*Wilson v. Eddy*
3:19-cv-73
Order
Page 4 of 6

opinion of the Court of Appeals of the Third Circuit, *Thabault v. Chait*, 541 F.3d 512 (3d Cir. 2008), to the facts of this case. *Id.* at 2.

Eddy bases his argument for reconsideration on his conclusion that it was unforeseeable that a reasonable person would attempt to cover an open window with plywood during a Category 5 hurricane when the plywood was blown off during said storm. Based on this conclusion, Eddy argues that Wilson's actions were a superseding cause, relieving Eddy of liability, even if Eddy's own actions were negligent.

Eddy acknowledges that the issue of foreseeability is at the heart of the distinction between a superseding cause and an intervening cause—and also that under *Sealey*, the question of whether a cause is foreseeable is a question for the jury. (ECF No. 83 at 11.) But Eddy encourages the Court to consider the "more complete explanation of when foreseeability is an issue for the jury," as outlined in *Thabault* as being only those events that are "sufficiently extraordinary or so clearly unrelated to the antecedent negligence that imposition of liability would be unreasonable." *Id.* The Court finds that Wilson's action were not sufficiently extraordinary or so clearly unrelated to unreasonably conclude that foreseeability in this instance is an issue for the jury.[1]

Eddy also draws a conclusion that "the only allegation of negligence that warrants the [C]ourt's consideration is the interior placement of the plywood," (ECF No. 83 n.4), even though Wilson alleged three acts of negligence: repairing the window with Masonite (rather than replacing the glass); allowing the frames of the window and wall to become degraded with dry rot and mold; and securing the plywood from the interior of the house over that same window.

Lastly, Eddy contends that "[t]he implications of a ruling in favor of the plaintiff on this motion would be equivalent to a determination that landlords in the Virgin Islands are strictly liable for injuries sustained by their tenants during a major hurricane." *Id.* at 13. The Court disagrees. The Court maintains that there is sufficient evidence in the record for a jury

---

[1] In *Coastal Air Transport v. Royer*, 64 V.I. 645, *657 (2016), a passenger leapt from his seat to close the door of a plane that had blown open mid-flight and then held on to keep it shut for the duration of the flight, during which he—and the other passengers who tried to assist him—suffered injuries.

to weigh the facts of the case on the questions of foreseeability and notice. And "where there is disagreement over the inferences that can be reasonably drawn from the facts[,] even if the facts are undisputed," summary judgment may not be granted. *Windsor Secur., Inc. v. Hartford Life Ins. Co.*, 986 F.2d 655, 659 (3d Cir. 1993). The Court concluded at oral argument, and now affirms, that a reasonable jury could find in favor of the non-moving party, Wilson. As such, summary judgment is not appropriate. *Coastal Air Transp.*, 64 V.I. at 651 ("A party will succeed on a claim that it is entitled to judgment as a matter of law if the reviewing court, after considering all evidence and drawing all fair and reasonable inferences in the non[-]moving party's favor, concludes that no reasonable jury could find in favor of the opposing party.") (citing *Kendall v. Daily News Publ'g Co.*, 55 V.I. 781, 786-87 (V.I. 2011)). *See also Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 399 (2014) ("This Court's jurisprudence has consistently favored—wherever possible—the adjudication of negligence cases by a jury . . . instead of by a single judge at summary judgment . . . .")

The motion to reconsider is not based on an intervening change in controlling law or new evidence, and the Court finds no error—let alone clear error—to warrant reconsideration.

Accordingly, it is hereby

**ORDERED** that Eddy's Motion for Reconsideration, ECF No. 82, is **DENIED**.

**Dated:** March 25, 2022                              */s/ Robert A. Molloy*
                                                           **ROBERT A. MOLLOY**
                                                           **Chief Judge**